José Llinás Morell, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 965.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Diciembre 13, 1935.

*L. López de Victoria,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Aparece de los libros del Registro de la Propiedad de San Germán que la escritura de venta de la finca "Collado" otorgada en 1º de mayo de 1913 por José Salvador Amill Negroni, abogado, como apoderado de su hermana María Eugenia Delfina de los mismos apellidos, soltera por divorcio, y por otros condueños, produjo en enero de 1916 la inscripción 9ª de la finca núm. 556 triplicado obrante al folio 22 del municipio de Maricao, en la cual se hizo constar el defecto subsanable de no haberse insertado en la escritura de venta ni acompañado a ella el poder otorgado por María Eugenia Delfina Amill Negroni a favor de su hermano José Salvador Amill Negroni, que según se dice en la escritura fué otorgado en Maricao el 6 de junio de 1912 ante el notario Miguel Juan Llaneras.

Para subsanar ese defecto el actual dueño de la finca José Llinás Morell presentó escrito al registrador con fecha 9 de abril de 1935 en el que manifestó que después de haber sido otorgado en 1912 el expresado poder falleció el notario Miguel Juan Llaneras, siendo su protocolo remitido al archivo

notarial del distrito de Mayagüez; y que ese archivo, en el que estaba la matriz de la referida escritura de poder, fué totalmente destruído por incendio el·12 de febrero de 1931; que ha tratado inútilmente de encontrar copia certificada de dicha escritura y también ha tratado de localizar a María Eugenia Delfina Amill Negroni para que ratifique la escritura de venta, lo que ha sido imposible por encontrarse ella ausente de esta isla sin conocerse su paradero. También en ese escrito se puso en conocimiento del registrador que en su oficina fué acreditado en forma auténtica el poder que en 1912 y ante el notario Miguel Juan Llaneras otorgó María Eugenia Delfina Amill Negroni a favor de su hermano José Salvador de iguales apellidos, según puede verse en la inscripción sexta de la finca núm. 553 duplicado a los folios 5 y 5 vuelto dél tomo 23 de Maricao. De certificación que tenemos ante nosotros librada por el registrador de San Germán aparece en efecto que la inscripción sexta de la finca núm. 553 duplicado a que antes se ha hecho referencia, fué motivada por la escritura de permuta que en 15 de abril de 1913 hicieron varias personas, entre ellas José Salvador Amill Negroni como apoderado de su hermana María Eugenia Delfina de los mismos apellidos, de cierta finca de su propiedad a cambio de un condominio en otra finca de Juan Amill y Amill; inscripción que fué practicada en 1918, y de ella resulta que se tuvo en cuenta el poder que en 6 de junio de 1912 otorgó María Eugenia Delfina Amill Negroni a favor de su hermano José Salvador Amill Negroni ante el notario Miguel Juan Llaneras.

El registrador se negó a tener por subsanado el defecto consignado con tal carácter en la inscripción novena de la finca núm. 556, y el dueño actual de la finca interpuso el presente recurso.

El motivo que tuvo el registrador para su negativa puede sintetizarse así: que el contrato de permuta y el de venta son de distinta naturaleza por lo que no puede asegurarse que por dicho poder se confiriera facultad a José Salvador

Amill Negroni para vender bienes de su poderdante María
Eugenia Delfina Amill Negroni por el hecho de haberse acre-
ditado o calificado dicho poder a los fines de la permuta antes
relacionada.

██ Nuestro Código Civil trata separadamente los con-
tratos de compraventa y los de permuta, dedicando a los pri-
meros el título IV, que comprende los artículos 1334 al 1427,
edición de 1930, y dedica a las permutas el título V con los
artículos 1428 al 1435. Según el artículo 1334, por el con-
trato de compraventa uno de los contratantes se obliga a
entregar una cosa determinada y el otro a pagar por ella
un precio cierto, en dinero o signo que lo represente. Se-
gún el 1428, la permuta es un contrato por el cual cada uno
de los contratantes se obliga a dar una cosa para recibir otra.
La naturaleza de ambos es común en cuanto en los dos existe
desprendimiento de la propiedad, pero no son iguales para el
legislador porque no sólo han sido tratados separadamente
por el código sino que tienen modalidades distintas, pues en
uno es necesario que medie un precio cierto en dinero, o signo
que lo represente, mientras que en el otro se cambia cosa
por cosa. Que son diferentes lo demuestra también el cui-
dado que el código ha tenido de diferenciarlos en su artículo
1335, determinando cuándo un contrato es compraventa y
cuándo es permuta, pues dice que si el precio de la venta
consistiere parte en dinero y parte en otra cosa, se calificará
el contrato por la intención manifiesta de los contratantes:
y que si no constase ésta, se tendrá por permuta si el valor
de la cosa dada en parte del precio excede al del dinero o
su equivalente; y por venta en caso contrario. Tampoco son
iguales sus efectos pues el artículo 1411 concede el retracto
legal de comuneros cuando la cosa es adquirida por compra
o dación en pago. Así, en sentencia del Tribunal Supremo
de España, tomo 179, Jurisprudencia Civil, pág. 879, des-
pués de resolver el tribunal que la escritura objeto del pleito
que las partes demandadas celebraron como permuta no era

tal sino compraventa, declaró que era procedente la acción de retracto ejercitada.

Como consecuencia de lo expuesto, no podemos declarar que por estar facultado José Salvador Amill Negroni para la permuta que hizo en nombre de su mandante María Eugenia Delfina Amill Negroni según la inscripción 6ª de la finca núm. 553 de Maricao, esté facultado implícitamente para vender bienes de ella, como sostiene el recurrente.

*La nota recurrida debe ser confirmada.*